## No. 9370.

### JOHN CHAFFE & SONS VS. J. M. T. ELLIOTT, SHERIFF, ET AL.

A sheriff, who is a nominal party to an injunction proceeding to prevent a sale of property under *fi. fa*, and against whom no personal judgment is sought, has no right to set up defenses which the party enjoined, or the alleged transferree of his rights, alone could raise.

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

---

*L. B. Watkins* and *S. A. Hall* for Plaintiffs and Appellants.

*J. F. Pierson* and *Egan & Egan* for Defendants and Appellees.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The appellee asks the dismissal of this appeal.

1. Because the bond which is for *one* hundred dollars, is not for the amount fixed by the court, viz : *six* hundred dollars.

2. Because the amount in controversy is less than two thousand dollars.

#### I.

The order granting the appeal, fixed two amounts: *six* hundred dollars if the appeal be suspensive; *one* hundred dollars if devolutive only.

The amount for which the bond was furnished, if insufficient for a suspensive appeal, satisfies the law, for a devolutive appeal.   It was optional with the plaintiffs to have taken and perfected either appeal. They have elected the devolutive appeal and have given the bond required by the court for such appeal.

#### II.

The plaintiffs distinctly claim the ownership of 920 acres of land, alleged to be worth over two thousand dollars, and in this Court an *affidavit* is filed in verification of the averment.

The motion to dismiss is overruled.

---

### ON THE MERITS.

The plaintiffs appeal from a judgment sustaining an exception and dismissing the suit·

It is sufficient to say, for the purposes of the controversy at its present stage, that the plaintiffs claiming to be the owners of land seized under a writ issued for the benefit of Madison Mobley, against the heirs of Bradley and Goldsby, obtained an injunction to arrest the

sale of the property levied on, as belonging to said heirs, and made Madison Mobley and the sheriff defendants in the proceeding.

Without being joined by Mobley, the sheriff excepted to the right of plaintiffs to proceed in this form on the grounds:

1. Want of the proper party, namely: That Ben Wolfson, to whom Mobley had transferred his rights, title and interest in and to the judgment, the execution of which is enjoined, is not made a defendant herein; that the transfer was made on the 8th of December, 1883, duly recorded at about that date, and that it is binding on the plaintiffs who had notice of it through their counsel.

2. Insufficiency of the bond in this, that it is not in favor of Ben Wolfson.

3. Insufficiency of the petition which discloses no cause of action and no right to the remedy, the injunction sought being designed to supply a suspensive appeal not taken and perfected.

The petition does not claim any damages from the sheriff, and does not seek to hold him in any manner personally responsible. 25 Ann. 414. He is held merely as a nominal party, a stake holder, and represents nobody in the suit besides himself. C. P. 15, 20; 23 Ann. 580.

The writ enjoined issued in favor of Madison Mobley. Nothing in the record, at the date of the filing of the petition herein, showed that the judgment on which execution thus issued had been transferred to any one.

Mobley had filed no appearance at that date, neither had Wolfson.

It is clear, that if the sheriff had no standing in court to set up defenses in behalf of either of these, those which he has raised, and of which those parties have no knowledge, cannot be inquired into, for the plain reason that the judgment thereon, if adverse to either Mobley or Wolfson, or both, in the absence of issue joined against or by Mobley or appearance by Wolfson, would not be binding on them.

The law is plain that, if the suit has for its object to set aside the seizure, as having been affected on property not belonging to the party against whom the order was directed, but owned, on the contrary, by the party claiming it, the petition must be served on the party making the seizure. C. P. 398.

This is the rule in cases of third oppositions, which the law considers as separate demands, distinct from the suit in which the order

was granted, and it applies to cases in which the action is brought directly.

This view of the case renders unnecessary an investigation of the merits of the exceptions, which the lower court had no authority to consider.

It is therefore ordered and decreed, that the judgment appealed from be reversed, and that this case be reinstated; that the exceptions of the sheriff be overruled, and that the case be remanded to the lower court for further proceedings, according to law, at the costs of the sheriff in both courts.